IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **DENNIS W. SMITH,** ) | |
| ) | |
| Plaintiff, ) | CIV. NO.: 09-cv-00011 |
| v. ) | |
| ) | |
| **VIRGIN ISLANDS HOUSING AUTHORITY;** ) | |
| **VI HOUSING AUTHORITY BOARD;** ) | |
| **MICHAEL R. HOLLIS, as Executive** ) | |
| **Administrator of VIHA and Individually;** ) | |
| **WAYNE HOOD, as Director of Housing** ) | |
| **Operation at VIHA and Individually; CARMEN** ) | |
| **VALENTI, as Chairman of the VIHA Board** ) | |
| **and Individually; and U.S. DEPARTMENT OF** ) | |
| **HOUSING AND URBAN DEVELOPMENT,** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM OPINION

Finch, Senior Judge

THIS MATTER is before the Court on the motion to dismiss by defendant Wayne Hood ("Hood"). Plaintiff Dennis Smith ("Smith") brings this action for contractual and civil rights violations allegedly stemming from the termination of his employment with the Virgin Islands Housing Authority ("VIHA").

### I. Background

Smith was hired by the VIHA on June 4, 1990 as maintenance manager and continued in that position until his termination in 2007. (Compl. ¶¶ 9, 18). On January 19, 2007, defendant Wayne Hood, Assistant Executive Director of VIHA, issued an inter-office memorandum suspending Smith from his employment from January 22, 2007 until February 2, 2007. (Compl. at ¶ 11.) On January 23, 2007, Smith initiated a grievance in response. (*Id*. at ¶ 12.) A hearing was held on the matter on February 22, 2007. According to the policies and procedures of

VIHA, after the hearing Smith was to receive a written response to his appeal within five days but he did not receive one. (*Id*. at ¶¶ 14-15.) At an unspecified time after his suspension, Smith was placed on medical leave by his physician until March 2, 2007. (*Id*. at ¶ 17.) Upon reporting to work on March 2, Smith was served with a Notice of Personnel Action by defendant Michael Hollis, Executive Administrator of VIHA, notifying Smith that he had been terminated from his position. (*Id*. at ¶ 18.)

On February 27, 2009, Smith brought a seven count complaint in this matter alleging the following violations against Hood: (1) violation of his civil rights under 42 U.S.C. § 1983 (count II); (2) breach of contract (count III); (3) bad faith and fair dealing (count IV); (4) violation of his rights under the First Amendment; (count V); intentional and negligent infliction of emotional distress (count VI); and punitive damages (count VII).[1]

## II.  Standard of Review

Rule 12(b)(6) permits a defendant to move for dismissal on the ground that plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In considering such motions, the Court accepts well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *United States DOT ex rel. Arnold v. CMC Eng'g*, 564 F.3d 673, 676 (3d Cir. 2009).

Smith asserts that his pleadings are sufficient to withstand a motion to dismiss because Hood has been provided with notice of the claims against him. However, following the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), a pleading must do more than provide notice of the legal theories asserted

---

[1] As Hood notes in his motion, in count II, Smith refers to defendant "Woods" but omits defendant Hood. In his opposition, Smith fails to directly address what appears to be an error in the pleading but argues that all the claims alleged against Hood, including count 2, have been adequately pled. The Court, construing the complaint in the light most favorable to plaintiff, addresses count II as a claim against Hood.

2

against the defendant. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (following the Supreme Court's decisions in *Twombly* and *Iqbal*, pleading standards have "shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss"). Accordingly, in reviewing the adequacy of the complaint, the question is not whether the plaintiff can "prove any set of facts consistent with this allegation that will entitle him to relief" but whether he has set forth facts that articulate a facially plausible claim. *Id.* at 210 (noting that the no-set-of-facts test set out in *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957), was rejected by the Supreme Court in *Twombly* and *Iqbal*). Plausibility is established when the facts recited allow the court to form the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. (citing I*qbal*, 129 S.Ct. at 1948). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

### III. Discussion

#### A. Section 1983 Claim

In count II, Smith asserts that Hood conspired to deprive him of equal protection and due process with respect to his rights as a VIHA employee. (Compl. ¶¶ 24-25.) Smith has indicated in his complaint that Hood is being sued in an individual capacity.

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

3

42 U.S.C. § 1983.

In order to state a cause of action under § 1983, the plaintiff must allege (1) a violation of a federal right and (2) that the alleged deprivation was committed by a person acting under color of state or territorial law.  *Gomez v. Toledo*,  446 U.S. 635, 640 (1980).

### 1.  Hood is a "person" under § 1983

Hood first argues that under the facts of the complaint, Hood is a not "person" for purposes of § 1983 because he was allegedly acting within the course and scope of his employment when he allegedly violated Smith's rights.  Moreover, Hood also contends that Smith has failed to plead facts in support of his claim that Hood acted in an individual capacity.

The Court must reject Hood's first argument because the fact that he acted within the course of his employment does not preclude liability for a § 1983 claim.  *Hafer v. Melo*,  502 U.S. 21, 27 (1991) (rejecting defendant's argument that state officials may not be held liable in their personal capacity for actions taken in their official capacity).[2]  As the Supreme Court noted in *Hafer*, "Congress enacted § 1983 to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it."  *Id*. at 28 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 243 (1974)).

---

[2] Hood relies on *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) for the proposition that a state official acting in their official capacity is not a person under § 1983.  However, the Supreme Court later clarified that in the *Will* ruling, "the phrase "acting in their official capacities" is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury."  *Hafer*, 502 U.S. at 26.  The Supreme Court denied that *Will* stood for the proposition that a state official cannot be liable for actions taken in his or her official capacity.  The critical factor is whether the *suit* is brought against the defendant in his official or individual capacity, not whether the *action* was taken in the scope of the official's duties.  *Id*. at 27-28.

The Court must also reject Hood's contention that Smith has not alleged facts sufficient to show Hood acted "individually" when he committed the wrongs.[3]  When deciding whether a state official is a "person" under § 1938, the focus is not on whether the defendant *acted* in his personal capacity, but whether he is *sued* in his personal capacity. *Id.* at 27-28.  Thus the inquiry is limited to determining whether Smith has brought suit against the defendant in his individual capacity.  To make this determination, the Third Circuit instructs us to "look to the complaints and the course of proceedings." *Melo v. Hafer*, 912 F.2d 628, 635 (3d 1990).  The fact that a plaintiff has explicitly stated that the action is one against the defendant in his individual capacity, as Smith has done by so indicating in the caption of his complaint and in count II, is sufficient. *Id*. at 636.  Thus, the Court finds that the complaint is properly brought against Hood in his personal capacity.

### 2. Hood acted under color of state law

Hood also contends that he was not acting "under color of state law" as required by § 1983.  In determining whether the defendant acted under color of state law, the Court asks "whether there is a sufficiently close nexus between the State and the challenged action or whether the state has so far insinuated itself into a position of interdependence that there is a symbiotic relationship between the actor and the state such that the challenged action can fairly be attributed to the state." *Johnson v. Orr*, 780 F.2d 386, 390 (3d Cir. 1986) (internal quotations and citations omitted).

The following facts are pertinent to this inquiry.  Prior to Smith's dismissal, HUD had placed the VIHA in receivership and appointed defendant Hood as Assistant Executive Director of VIHA.  Hood argues that as a federal appointee, he was acting under federal, not state law, in

---

[3] Moreover, Hood misrepresents the pleading: the complaint states that Hood is the defendants "in their individual capacities" are in violation of § 1983.  (compl. ¶ 23.)  There is no assertion that the defendants acted outside the purview of the official duties.

5

the discharge of his duties.  However, assuming arguendo that Hood was acting as a federal agent in dismissing Smith, "it does not follow that his actions were done exclusively under color of federal law."  *Orr*, 780 F.2d at 390.

The Third Circuit's analysis in *Orr* of whether an official acted under state law while in the employ of the National Guard, a "hybrid agency" with both state and federal attributes, is useful in assessing the nature of Hood's actions while working for VIHA, a state agency in federal receivership. In that case, the Third Circuit articulated the following standard of review:

> There is no set formula for determining whether the employees of an agency with both state and federal characteristics act under color of state law. All of the circumstances must be examined to consider whether the actions complained of were sufficiently linked to the state. A crucial inquiry is whether day-to-day operations are supervised by the Federal or state government.

*Id.*

In *Orr*, the Court of Appeals determined that the defendant, a federal agent of the National Guard acted "under color of state law" when dismissing employees because personnel matters are administered by the state. *Id*.

In another case involving a joint action between the local and federal government, this Court considered whether Ramon Davila, an employee of the United States Customs Service, who was appointed to serve as Commissioner of the Virgin Islands Police Department pursuant to an agreement between the federal government and the Government of the Virgin Islands, was acting pursuant to territorial law in the execution of his duties as commissioner. *Anderson v. Government of the Virgin Islands*, 199 F. Supp.2d 269, 271 (D.V.I. 2002).  As Police Commissioner of the VIPD, Davila was to "direct, control, and supervise the VIPD." *Id*. at 271. The Court concluded that despite Davila's status as a federal employee, he was acting under the

6

law of the Virgin Islands when he acted in a supervisory capacity to the plaintiff, a former police officer. *Id*. at 275.

Here, Smith alleges that he was an employee of VIHA, that he was suspended by Hood, and that Hood and other defendants were present at a grievance hearing undertaken pursuant to the policies and procedures of VIHA. The Court finds that under these facts, it reasonable to infer that Hood was acting pursuant to territorial rather than federal law. *See Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 399 (1979) ("state regulations are properly considered "state law" even though they required federal approval prior to their implementation").

### 3. Constitutional Violations

#### a. *Equal Protection Claim*

In support of his § 1983 claim in count II, Smith sets forth the following violations. He states that the defendants Hollis, Hood and Valenti pursued a common plan or design to deprive Smith of his statutory or contractual rights, "as white persons are afford" and thereby substantially denied his right to freedom of contract, and his right to equal employment. (Compl. ¶ 24.) In essence, Smith alleges that the defendants, including Hood, conspired to discriminate against him because of his race, thereby depriving him of equal protection of the law.

"To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, plaintiffs must prove the existence of purposeful discrimination." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990) (citing *Batson v. Kentucky*, 476 U.S. 79, 93 (1986)). "They must demonstrate that they "receiv[ed] different treatment from that received by other individuals similarly situated."" *Id*. (quoting *Kuhar v. Greensburg-Salem School Dist.*, 616 F.2d 676, 677 n. 1 (3d Cir. 1980)).

While Smith has cited a federal violation, as required by § 1983, he does not provide sufficient factual allegations in support of that claim. He has not stated any facts indicating that his termination was related to a discriminatory purpose or explained how he was treated differently from others who were similarly situated. Thus, Smith's § 1983 claim cannot stand on the basis that Hood violated his right to equal protection.

### b. Due Process Claim

Smith also alleges that Hood's conduct "impeded the due course of justice," (Compl. ¶ 25.) The Court reads this allegation as asserting a violation of due process. To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 234-35 (3d Cir. 2006) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

The Court understands Smith to be asserting a property right in his employment as a maintenance manager at VIHA. In order to prevail on his due process claim, Smith must first establish that he had a property interest in that position. *Latessa v. New Jersey Racing Com'n*, 113 F.3d 1313, 1318 (3d Cir. 1997) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576 (1972)). He cannot rely on his "unilateral expectation of continued employment" but must show that he had a "legitimate entitlement to such continued employment." *Hill,* 455 F.3d at 234-35 (quoting *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir.2005)). Such entitlement is shown where the employee cannot be removed except for cause. *Richardson v. Felix*, 856 F.2d 505, 510 (3d Cir. 1988) ("The hallmark of a constitutionally protected property interest is an individual entitlement that "cannot be removed except 'for cause'") (quoting *Logan v.*

*Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982). To determine whether there is a valid property interest at stake, the Court looks to "sources such as state law and implied or express contracts." *Miller v. Township of Readington*, 39 Fed. Appx. 774, 775-76 (3d Cir. 2002) (citing *Roth*, 408 U.S. at 577-78)).

Hood contends that "the strictures of the local law clearly indicate Plaintiff's employment was "at will" and thus Smith held no expectation of continued employment. (Opp. at 10.) First, it is unclear what "strictures" of local law Hood relies on. It is undisputed that Smith was a government employee and as this Court has noted, "it is well established that a regular government employee has a property interest in her continued employment." *Smith v. Virgin Islands Port Authority*, 2005 WL 15459, at *8 (D.V.I. Jan. 2, 2005) (citing *Richardson v. Felix*, 856 F.2d 505, 509 (3d Cir. 1988). A "regular" employee, as described in *Smith*, is a nonexempt employee who by statute is entitled to procedural protections prior to termination. *Id.*[4]

In this case, Smith has not asserted that he is a nonexempt employee or cited any facts in support thereof. Thus, the Court cannot conclude that he has a property interest on that basis. On the other hand, the Court notes that Smith has alleged the existence of a VIHA manual that sets forth the procedures for the filing of a grievance hearing concerning his suspension. Moreover, it is alleged that VIHA complied with his request for a hearing, showing its intent to be bound by that manual.

Under Virgin Islands law, the existence of an employee handbook or manual along with evidence that the employer intended to be bound by its terms can establish an implied contract in the case of an at will employee. *Williams v. Virgin Islands Housing Authority*, 2007 WL

---

[4] *See Felix*, 856 F.2d at 508-09 (discussing the application of procedural protections to classified employees under V.I. Code Ann. tit. 3 §§ 451a and 530). Because the *Felix* court concluded that 3 V.I.C.§ 530 only allowed the government to remove regular employees for cause, the court concluded that any "regular" employee under the local statute had a property interest in his or her job. *Id.* at 512.

9

6027814, at *3-4 (D.V.I. Oct. 25, 2007) (citing *Smith v. V.I. Port Auth.*, 2005 U.S. Dist. LEXIS 56, at *11, 46 V.I. 466 (D.V.I. 2005); *see also Haase v. Government of the Virgin Islands*, 2008 WL 939024, at *2 (D.V.I. 2008) (noting that a public sector at will employment relationship "can be subject to express and implied contractual restraints"). An implied contract, in turn, may be sufficient to create a property interest in employment. *Bishop v. Wood*, 426 U.S. 341, 344 (1976).

Here, where Smith acted pursuant to the terms of a VIHA manual and where VIHA showed its intent to comply with it by holding a hearing, the Court finds that an implied contract existed between Smith and the VIHA, and that the contract provided procedural protections in relation to his employment. The Court concludes that Smith has set forth facts sufficient to demonstrate a property interest in his employment with VIHA.

However, with regard to the second prong of a due process claim, the Court finds that there are insufficient facts to show that Smith was denied due process, or that Hood was complicit in such a denial.

First, the Court addresses the problem of due process. As "an employee with a protected interest in his employment" Smith was entitled to receive "notice of the charges against him and an opportunity for a hearing sufficient to respond to those charges." *Richardson*, 856 F.2d at 507. Following his suspension, Smith was granted a hearing. Apparently, dissatisfied with the results of the hearing (which are not set forth in the complaint), Smith "sought to take action at the next level" as provided for in the VIHA personnel and procedures manual. However, this vague reference "to the next level" does not provide the Court with sufficient information to determine that VIHA's failure to provide "a written response to his appeal within five (5) working days after the hearing" denied him due process. In fact, Smith alleges that he had

10

exhausted his administrative remedies, and does not indicate what bearing the written response would have on his right to respond to the charges against him.

The Court next addresses Smith's failure to plead facts implicating Hood. As the Third Circuit has ruled, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 n. 3 (1981)). To hold Hood liable as a supervisor, Smith had to allege facts showing that Hood either (1) "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm;" or (2) "participated in violating [Smith's] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.*M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 586 (3d Cir. 2004) (citing *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir.1989)). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. A complaint adequately shows personal involvement "where it states the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir.1980)).

In this case, Smith alleges some facts that show Hood's involvement in the suspension: Hood issued the interoffice memorandum that resulted in the suspension and was present at the hearing. However, he does not indicate what role, if any, Hood played in denying Smith a written response to his appeal, or in terminating him, which appears to be the gravamen of the claim. *See, e.g., Santiago v. Warminster Tp.*, 629 F.3d 121, 134 (3d Cir. 2010) (granting motion to dismiss against police supervisor where plaintiffs failed to allege facts showing

11

personal involvement in alleged violations of underlings). For the reasons stated above, the Court finds that Smith has failed to plead a viable cause of action under § 1983 with respect to his due process claim.

### c. *First Amendment*

Smith alleges that while acting "[i]n accordance with his duties and responsibilities as Maintenance Manager" of VIHA, he "cooperated and communicated with visiting officials, including federal personnel on island" who were inspecting housing communities managed by VIHA. (Compl. ¶ 33.) As a result of his cooperation, he was subject to retaliation and unfair treatment by the defendants. (Id. at ¶¶ 33-35.) Smith alleges his First Amendment claim separately in count V. However, the Court considers it as another basis for sustaining his § 1983 claim.

"In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Tp.*, 463 F.3d 285, 296 (3d Cir. 2006). To be protected conduct, an employee's speech "must implicate a matter of public concern and must outweigh the employer's interest in the effective operations of its public services." *Miller v. Clinton County*, 544 F.3d 542, 547 (3d Cir. 2008). "Speech implicates a matter of public concern if the content, form, and context establish that the speech involves a matter of political, social, or other concern to the community." *Id*. at 548 (citing *Connick v. Myers*, 461 U.S. 138, 146-48 (1983). However, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First

Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).

Having failed to identify the content of his communications, Smith has not provided facts showing that his speech implicated a matter of concern and that it outweighed his employer's interest in effectively serving the public. *Herman v. Carbon County*, 248 Fed.Appx. 442, 444-445, 2007 WL 2775162, at *1 (3d Cir. 2007) (finding plaintiff who failed to identify the content of her speech could not establish a First Amendment retaliation claim against her employer). Moreover, Smith's assertion that he made his statement in the course of his employment tends to show that he was speaking pursuant to his official duties and not as a citizen, a fact which would deprive his speech of constitutional protection. Accordingly, the Court finds that Smith has failed to allege a violation of his First Amendment rights.

### B. Breach of Contract

To state a claim for a breach of contract claim under Virgin Islands law, a plaintiff must allege four elements: "(1) an agreement, (2) a duty created by that agreement, (3) a breach of that duty, and (4) damages." *Arlington Funding Services, Inc. v. Geigel*, 51 V.I. 118, 135 (V.I. 2009).

As noted in the Court's discussion, *supra,* of Smith's due process claim, we find that Smith has sufficiently alleged facts supporting the existence of an implied contract with VIHA.[5]

However, Smith's claim against Hood for breach of contract suffers from a critical flaw: it does not allege that he had a contractual agreement, implied or otherwise, with Hood, but only with VIHA. *Nicholas v. Pennsylvania State University*, 227 F.3d 133, 145 (3d Cir. 2000) (finding that supervisor could not be liable for breach of contract because plaintiff, an employee

---

[5]*See Williams v. Virgin Islands Housing Authority*, 2007 WL 6027814 (D.V.I. 2007). In *Williams*, the plaintiff alleged breach of contract on the basis that the VIHA terminated his employment without the approval of the VIHA Board, in violation of the VIHA's internal personnel policies. *Id*. at *3. The court held that the plaintiff had "stated a viable claim for breach of contract through his allegations that VIHA intended to be bound by the internal personnel rules." *Id*. at *4.

of a university, never had any contractual relationship with the supervisor); *see also Gil v. Related Management Co.*, 2006 WL 2358574, at *3 (D.N.J. Aug. 14, 2006) (finding that the employee manual did not create a contractual relationship between plaintiff and his supervisors); *Herzog v. Estate Davis Bay Resorts, LLC*, 2010 WL 4323076, at *4 (D.V.I. Nov. 2, 2010) (manager of company is not personally liable for breach of contract by virtue of his actions on behalf of the company). Thus, Smith's claim for breach of contract against Hood fails as a matter of law.

### C. Breach of Good Faith and Fair Dealing

To state a claim for breach of the implied duties of good faith and fair dealing under Virgin Islands law, a plaintiff must allege: "(1) that a contract existed between the parties, and (2) that, in the performance or enforcement of the contract, the opposing party engaged in conduct that was fraudulent, deceitful, or otherwise inconsistent with the purpose of the agreement or the reasonable expectations of the parties." *LPP Mortgage Ltd. v. Prosper*, 2008 WL 5272723, at *2 (D.V.I Dec.17, 2008) (citing Restatement (Second) of Contracts § 205). Here, Smith has failed to plead any facts to show that VIHA engaged in conduct "that amount[ed] to fraud, deceit, or misrepresentation." *Id.* at 24-25 (citing *Marcano v. Cowpet Beach Resort*, 31 V.I. 99, 105 (Terr. Ct. 1995)). Thus, this claim cannot be sustained.

### D. Intentional or Negligent Infliction of Emotional Distress

#### 1. *Intentional Infliction of Emotional Distress ("IIED")*

IIED occurs when "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress." *Eddy v. Virgin Islands Water and Power Authority*, 369 F.3d 227, 231 (3d Cir. 2004) (citing Restatement (Second) of Torts § 46(1) (1965)). To be liable, a defendant's conduct must be "so extreme in degree, as to go beyond all possible bounds

of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Claytor v. Chenay Bay Beach Resort*, 79 F. Supp. 2d 577, 583 (D.V.I. 2000) (quoting Restatement (Second) of Torts, § 46 cmt. d.). "It is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Matczak v. Frankford Candy and Chocolate Co*., 136 F.3d 933, 940 (3d Cir.1997) (internal quotation and citation omitted). This case is no exception to that general rule. Even if the Court assumes for purposes of this claim that Hood improperly terminated Smith in retaliation for cooperating with federal officials, Smith has failed to allege facts showing that Hood exhibited outrageous conduct.

### 2. *Negligent Infliction of Emotional Distress ("NIED")*

To support such a claim, a plaintiff must plead facts that show that the defendant's negligent conduct placed him or her in danger and that the plaintiff suffered substantial physical harm to their persons as a result. *Int'l Islamic Cmty. of Masjid Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 370 (D.V.I. 1997). Smith has pled no fact showing that Hood's conduct placed him in danger or that he suffered substantial physical harm. Accordingly, Smith's NIED claim must also be dismissed.

**IV.  Conclusion**

For the reasons stated above, the Court finds that Smith has failed to allege a cognizable claim against Hood for (1) violation of his civil rights under 42 U.S.C. § 1983 as alleged in count II, which includes his First Amendment claim set forth in count V; (2) for breach of contract, as alleged in count III; (3) for unfair dealing, as alleged in count IV; and (4) for intentional or negligent infliction of emotion distress, as alleged in count VI. His claim for punitive damages in count VII will also be dismissed on the basis that such damages do not constitute an actionable

claim. *McDonald v. Davis*, 2009 U.S. Dist. LEXIS 17309, at *55-56 (D.V.I. 2009). Accordingly, Hood's motion to dismiss will be GRANTED. At this juncture, the complaint will be dismissed without prejudice, as set forth in an order issued in conjunction with this opinion.

**ENTER**:

Dated: February 28, 2011

_____/s/_____
RAYMOND L. FINCH
U.S. DISTRICT JUDGE