## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **DENNIS W. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2009-0011** |
| | ) | |
| **VIRGIN ISLANDS HOUSING AUTHORITY** | ) | |
| **and VI HOUSING AUTHORITY BOARD,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**Attorneys:**
**Natalie Nelson Tang How, Esq.,**
St. Croix, U.S.V.I.
   *For Plaintiff*

**Sharmane Davis-Brathwaite, Esq.,**
**Julita K. De Leon, Esq.,**
St. Thomas, U.S.V.I.
   *For Defendants Virgin Islands Housing Authority*
   *and VI Housing Authority Board*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on Defendants Virgin Islands Housing Authority ("VIHA") and VI Housing Authority Board's ("VIHA Board") "Motion to Dismiss." (Dkt. No. 65). Plaintiff Dennis W. Smith ("Plaintiff" or "Smith") opposes the Motion. (Dkt. No. 73). Defendants VIHA and VIHA Board filed a Reply. (Dkt. No. 75). For the reasons set forth below, the Court will grant in part and deny in part the Motion to Dismiss filed by Defendants VIHA and VIHA Board. The Court will grant the Motion to Dismiss with prejudice as to the punitive damages claim in Count IV of the Amended Complaint. The Court will grant the Motion to Dismiss to the extent that the Amended Complaint will be dismissed without prejudice against Defendant VIHA Board for failure to plead facts amounting to "willful wrongdoing or gross negligence" pursuant

to 29 V.I.C. § 87(d). With regard to Defendant VIHA, the Court will grant the Motion to Dismiss to the extent that the Amended Complaint will be dismissed without prejudice as to the equal protection claim in Count II, and will deny the Motion to Dismiss with respect to the due process claims in Counts I and II and the breach of contract claim in Count III of the Amended Complaint.

The Court will permit Smith an opportunity to file a Second Amended to address the facts amounting to "willful wrongdoing or gross negligence" pursuant to 29 V.I.C. § 87(d) and to address the deficiencies in the equal protection claim in Count II of the Amended Complaint. Plaintiff will have, up to and including May 1, 2023, within which to file a Second Amended Complaint. The Second Amended Complaint must comply with LRCi 15.1.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Smith was hired by VIHA in June 1990 as a Maintenance Manager and was terminated in March 2007. (Dkt. No. 60 at ¶¶ 6, 16). On February 27, 2009, Smith filed a seven-count complaint alleging wrongful termination (Count I); "Violation of Civil Rights Act" pursuant to 42 U.S.C. § 1983 (Count II); breach of contract (Count III); "bad faith and unfair dealing" (Count IV); violation of his rights under the First Amendment (Count V); intentional and negligent infliction of emotional distress (Count VI); and punitive damages (Count VII). (Dkt. No. 1). Smith sued VIHA; the VIHA Board; Wayne Hood, as Director of Housing Operations at VIHA, in his official and individual capacities; VIHA Executive Director Michael Hollis; the United States Department of Housing & Urban Development ("HUD"); and HUD Receiver and Chairman of the VIHA Board Carmen Valenti ("Valenti"). *Id*. at ¶¶ 3-8.

On May 17, 2010, Defendants Valenti and HUD filed a motion to dismiss. (Dkt. Nos. 41, 42). The Court granted the motion on January 28, 2011 (the "January 2011 Opinion"), finding that all causes of action brought against HUD and Valenti in his official capacity were barred by the sovereign immunity extended by 42 U.S.C. § 1437d(j)(3)(H) of the United States Housing Act of

1937 (the "Housing Act"). The Court also found that Smith failed to state a claim against Valenti in his individual capacity and dismissed the Complaint against both federal Defendants. (Dkt. Nos. 48, 49 at 10, 13-14).

Defendant Hood filed his first motion to dismiss on June 2, 2010. (Dkt. No. 43). The Court granted the motion, without prejudice, on February 28, 2011 (the "February 2011 Opinion"). (Dkt. Nos. 50, 51). On April 5, 2011, Smith filed an Amended Complaint against VIHA, the VIHA Board, and Hood, in his official and individual capacities. (Dkt. No. 60).[1] The Amended Complaint alleges that, in June 1990, Smith was hired by VIHA "in the nonexempt [] position of Maintenance Manager" and that he worked in that position until he was terminated in March 2007. *Id*. at ¶¶ 6, 16. Smith alleges that his employment was uneventful, with no performance issues or disciplinary action, until early 2007. *Id*. at ¶ 7. At that time, HUD was operating VIHA through a receivership and Hood had been appointed to supervise VIHA's daily operations. *Id.* at ¶ 8. The Amended Complaint describes VIHA as a "semi-autonomous body politic and an agency of the Government of the Virgin Islands," *id.* at ¶ 3, and the VIHA Board as "the governing body of the Virgin Islands Housing Authority with oversight authority for personnel matter[s] including hiring and firing of employees and making decision[s] for the day[-]to[-] day operations of VIHA." *Id.* at ¶ 4.

Smith further alleges that, on or about January 19, 2007, Hood, as his "immediate supervisor," issued an inter-office memorandum suspending him from employment from January 22, 2007 to February 2, 2007. *Id.* at ¶ 9. According to Smith, the memorandum "wrongfully blame[d] Plaintiff for the housing deficiencies that w[ere] cited by Federal officials during [their] visit to Defendant VIHA and its designated housing facilities locally." *Id.* Plaintiff alleges that he filed a grievance on January 23, 2007 as permitted by the VIHA policies and procedures. *Id.* at ¶

---

[1] The Amended Complaint removed the remaining Defendant in the original Complaint—VIHA Executive Director Michael Hollis.

10. The Amended Complaint further states that, on February 8, 2007, "a preliminary grievance hearing was scheduled, but the hearing was rescheduled to a later date by Defendants VIHA and VIHA Board." *Id.* at ¶ 11. Because of this continuance, Plaintiff asserts that he "never had an opportunity to be heard." *Id.*

On February 22, 2007, Smith alleges that Defendants "continued the hearing," at which time Smith met with Hood and other members of VIHA management. *Id.* at ¶ 12. "[D]issatisfied with the results," Smith attempted to seek review at "the next level" as provided in VIHA's personnel policies and procedures manual "which established the terms of the contractual relationship between the parties." *Id.* Plaintiff alleged that, pursuant to those policies and procedures, he should have received a written response to his appeal within five working days after the February 22, 2007 hearing, but he did not. *Id.* at ¶ 13.

Shortly thereafter, due to being "physically and mentally affected by Defendants['] denial of his due process rights and the opportunity to be heard," Smith's treating physician placed him on medical leave until on or about March 2, 2007. *Id.* at ¶ 15. When Smith returned to work on March 2, 2007, he was served with a Notice of Personnel Action. *Id*. at ¶ 16. Smith alleges that the Notice was executed by Executive Director Hollis, but was based on Hood's recommendation. *Id*. Smith then alleges that he was terminated from his position for reasons which he alleges were based on "unfounded allegations of negligence and wrongdoing made by Defendant Wayne Hood against Plaintiff." *Id.*

The Amended Complaint contains four causes of action. In Count I, entitled "Violation of Due Process Rights," Smith alleges that Defendants did not follow personnel rules and regulations related to grievance procedures that were set forth in VIHA's manual when they terminated him. *Id*. at ¶ 18. This cause of action specifically alleges that Smith was denied an "opportunity to be heard" under the Fifth and Fourteenth Amendments. *Id*. In Count II, entitled "Violation of Civil

Rights Act," Smith alleges that Defendants "conspired to deprive [P]laintiff of equal protection and due process with respect to his rights as an employee of Defendant VIHA" and that, because of Defendants' "unlawful actions," his right to due process was "impeded thereby preventing the due course of justice." *Id.* at ¶¶ 21, 22. Count III, entitled "Breach of Contract," asserts that Defendants' conduct "constitute[s] a breach of Plaintiff's employment contract, both express and implied and a violation of the terms and conditions of [P]laintiff's property interest in his employment as set forth in Defendant VIHA's policies and procedures manual." *Id.* at ¶ 24. Plaintiff's final cause of action, "Punitive Damages," asserts that Defendants' actions "were so extreme and outrageous and done with such reckless disregard to the rights and interests of Plaintiff as to entitle Plaintiff to punitive damages." *Id.* at ¶ 27.

Defendant Hood responded by filing a second Motion to Dismiss (Dkt. No. 63), which Smith opposed. (Dkt. No. 69). The Court subsequently granted the motion, dismissing all claims against Hood with prejudice on May 6, 2016. (Dkt. Nos. 96, 97).

VIHA and the VIHA Board filed the instant Motion to Dismiss the Amended Complaint against them, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 65). Smith opposed the Motion (Dkt. No. 73), and VIHA and the VIHA Board filed a Reply. (Dkt. No. 75).

## II.     APPLICABLE LEGAL PRINCIPLES

Federal Rule of Civil Procedure 12(b)(6) calls for dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "In deciding a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true and draw all reasonable inferences in [his] favor." *Vorchheimer v. Philadelphian Owners Association*, 903 F.3d 100, 105 (3d Cir. 2018) (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1. (3d Cir. 2014)). To withstand a motion to dismiss for failure to state a claim, "a complaint must contain enough facts 'to state a

claim to relief that is plausible on its face."' *Vorchheimer,* 903 F.3d at 105 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A complaint satisfies the plausibility standard when the factual pleadings "allow[]  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This standard requires showing more than a sheer possibility that a defendant has acted unlawfully. A complaint which pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement of relief. *Burtch v. Milberg Factors, Inc*., 662 F.3d 212, 220-21 (3d Cir. 2011) (internal quotation marks and citation omitted). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to overcome a Rule 12(b)(6) motion. *Noonan v. Kane*, 305 F. Supp. 3d 587, 592 (E.D. Pa 2018) (quoting *Iqbal*, 556 U.S. at 678).

To determine the sufficiency of a complaint, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Hassen v. Gov't of Virgin Islands*, 861 F.3d 108, 115 (3d Cir. 2017).

## III.    DISCUSSION

The arguments and analysis concerning the Motion to Dismiss with respect to Defendant VIHA Board are distinct from those concerning Defendant VIHA and will be addressed separately.

### A.    VIHA Board

Other than the description of the duties of the VIHA Board (Dkt. No. 60 at ¶ 4), the Amended Complaint specifically mentions the VIHA Board only twice. It alleges that the VIHA Board: (1) together with VIHA rescheduled the February 2007 preliminary grievance hearing to a

later date and "as such Plaintiff never had an opportunity to be heard" and (2) "violated its own policies and procedures by failing to respond to [his appeal] and depriving him of his due process rights and opportunity to be heard." *Id.* at ¶¶ 11, 14. The VIHA Board is also included with all Defendants in the allegation that Smith was "physically and mentally affected by Defendants' denial of his due process rights and opportunity to be heard," *id.* at ¶ 15, and in the paragraphs describing each cause of action. *Id.* at ¶¶ 18, 21, 22, 24, 27.

Defendants assert that all counts against the VIHA Board must be dismissed because: (1) 29 V.I.C. § 87(d) immunizes Boards and Board members from civil liability, except in instances of "willful wrongdoing or gross negligence," which is not pleaded in the Amended Complaint, (Dkt. No. 65 at 4-5); (2) the Housing Act, 42 U.S.C. §1437d(j)(3)(H), provides that the HUD receiver, who served as the sole VIHA Board member, exempts the VIHA Board from liability, *id.* at 5-6; and (3) the "statutory board" was not in existence during the time period associated with Smith's claim, as it was disbanded in 2003 and remains defunct. *Id.* at 6.

### 1.  Federal Statutory Immunity

As indicated above, in his original Complaint, Smith sued, *inter alia*, HUD, Valenti—the federally-appointed receiver of VIHA—and the VIHA Board. HUD and Valenti responded with a motion to dismiss arguing that 42 U.S.C. § 1437d(j)(3)(H) of the Housing Act expressly shielded them from suit. (Dkt. No. 42). In its January 2011 Opinion granting the motion to dismiss, the Court provided the pertinent context concerning the connection between HUD and VIHA:

> In 2003, HUD, which provides funding to local public housing agencies pursuant to the terms of an annual contributions contract, determined that the VIHA had failed to comply with HUD regulations governing the financial management of VIHA and thereafter assumed control of the assets, projects and programs of VIHA. Defendant Valenti was subsequently appointed by the Secretary of HUD to serve as receiver of the VIHA from May 2006 to January 2008.

7

(Dkt. No. 49 at 2).[2] The Court took judicial notice of the fact that Valenti—as the HUD-appointed Receiver—assumed the responsibilities of the VIHA Board during the time period at issue in Smith's case. *Id*.

In addressing HUD's and Valenti's defenses, the Court focused on the text of § 1437d(j)(3)(H), which provides:

> "If the Secretary (or an administrative receiver appointed by the Secretary) takes possession of a public housing agency (including all or part of any project or program of the agency) . . . , the Secretary or receiver shall be deemed to be acting not in the official capacity of that person or entity, but rather in the capacity of the public housing agency, and *any liability incurred*, regardless of whether the incident giving rise to that liability occurred while the Secretary or receiver was in possession of all or part of the public housing agency (including all or part of any project or program of the agency), *shall be the liability of the public housing agency.*

42 U.S.C. § 1437d(j)(3)(H) (emphasis added). The Court further noted and found that the facts alleged in the Complaint "indicated that the asserted violations occurred while HUD was acting pursuant to its powers to assume control of VIHA;" that "the immunity provided for in 1437d(j)(3)(H) applies;" that HUD and Valenti, acting in his official capacity, are "immune from suit;" and that dismissal of the Complaint against them for lack of subject matter jurisdiction was warranted. (Dkt. No. 49 at 10, 15).

The Amended Complaint, filed after HUD and Valenti were dismissed, repeats its assertions that the alleged claims in this case occurred after "HUD placed Defendant VIHA in receivership." (Dkt. No. 60 at ¶ 8). The VIHA Board asserts that since Valenti was acting "as the

---

[2] 42 U.S.C. § 1437d(j)(3)(A)(iv) provides that, "upon the occurrence of events or conditions that constitute a substantial default by a public housing agency with respect to the covenants or conditions to which the public housing agency is subject. . . . , the Secretary may—(vi) take possession of all or part of the public housing agency, including all or part of any project or program of the agency[.]"

Board" during the relevant time period, it too is immune under the federal statute. (Dkt. No. 65 at 4-5). This argument, however, is misplaced.

According to the plain language of 42 U.S.C. § 1437d(j)(3)(H), the federal receiver is "deemed to be acting…in the capacity of the public housing agency, and *any liability incurred … shall be the liability of the public housing agency*." (emphasis added). Accordingly, while this statute immunizes Valenti, it expressly provides that any liability derived from Valenti's conduct becomes the liability of the "public housing agency." *Id.* Moreover, nothing in the plain language of the statute extends the receiver's immunity to the local agency or its Board. In sum, because 42 U.S.C. § 1437d(j)(3)(H) of the Housing Act, does not extend any immunity to the local agency or the Board, the VIHA Board's claim of immunity thereunder is rejected.

### 2. Local Statutory Immunity

The VIHA Board also asserts that all of Smith's claims against the Board must be dismissed due to immunity granted to agency Board members pursuant to 29 V.I.C. § 87(d). (Dkt. No. 65 at 4-5). The local statute provides, in relevant part:

> Board Members of the V.I. Housing Authority . . . , while acting within the scope of their duties as board members, shall not be subject to personal or civil liability resulting from the exercise of any of the Authority's purposes, duties or responsibilities, unless the conduct of the member is determined by a court of competent jurisdiction to constitute willful wrongdoing or gross negligence."

29 V.I.C. § 87(d).

The Virgin Islands Supreme Court addressed the concept of "gross negligence" both from common law standards and as the term is used in various local statutes. After an analysis of the different uses of the term, the Virgin Islands Supreme Court held that "gross negligence means wanton, reckless behavior demonstrating a conscious indifference to the health or safety of persons or property." *Brathwaite v. Xavier*, 71 V.I. 1089, 1108, 1110 (V.I. 2019) (discussing the term "gross negligence" as used in 29 V.I.C. § 87(d) which provides some immunity to VIHA Board

members). On the other hand, the Virgin Islands Supreme Court has not addressed the concept of "willful wrongdoing" in the context of 29 V.I.C. § 87(d). However, it has noted that "willful conduct is 'deliberate and contumacious,' and that involves intentional or self-serving behavior.'" *See Virgin Islands Taxi Ass'n v. Virgin Islands Port Auth.*, 67 V.I. 643, 698 (2017).

Smith counters that the VIHA Board is not immune from suit. First, Smith asserts that because "VIHA is treated as an independent instrumentality that has the capacity to sue and be sued," the VIHA Board is not immune from suit pursuant to 29 V.I.C. § 35(2). (Dkt. No. 73 at 3). Smith also asserts that 29 V.I.C. § 87(d) applies because the actions of the VIHA Board were willful and grossly negligent when it violated his due process rights. *Id.* at 3-4.

Smith's reliance on 29 V.I.C. § 35(2) is misplaced. That statute states that the "Authority"—referring to VIHA—has all powers necessary to carry out its purposes and statutory responsibilities and that includes the power to "sue and be sued." 29 V.I.C. § 35(2). This provision expressly applies to the Authority as an entity and not to its Board of Commissioners. When read in conjunction with 29 V.I.C. § 87(d), the statutes do not provide an open door to file suit against the Board or its Commissioners for the actions of VIHA. *See also Hodge v. Virgin Islands Water & Power Authority*, 55 V.I. 460, 466 (V.I. Super. 2011) (statute allowing WAPA "to sue and be sued" did not waive the sovereign immunity of WAPA's Board, and the Board is an improper party to employee's discrimination claims).

Smith's other contention—that he sufficiently pleaded that the Board's actions were willful or grossly negligent under 29 V.I.C. § 87(d)—is likewise unpersuasive. In this case, Smith makes no allegations as to the actions of any individual Board Commissioner as part of his claims. Moreover, his allegations, at best, simply assert that the VIHA Board violated its own policies and procedures and failed to timely respond to his internal appeal. (Dkt. No. 60 at ¶¶ 13-14).

Under local laws, however, courts have found that a plaintiff alleging gross negligence must assert affirmative facts to show more than mere negligence. *See, e.g.*, *Salkeld v. Marriott Ownership Resorts (St. Thomas), Inc.*, No. ST-16-CV-726, 2020 WL 8457891, at *3-4 (V.I. Super. Sept. 11, 2020) (plaintiff must allege more than failure to warn, failure to instruct, etc., in order to state a claim for gross negligence against hotel); *Francis v. Carmen V. Ruen Living Trust*, No. ST-15-CV-177, 2016 WL 5867452, at *5 (V.I. Super. Oct. 5, 2016) (failure to allege more than failures to act or lack of care does not articulate a plausible claim for gross negligence). No such facts are alleged in the Amended Complaint. Further, Plaintiff has not alleged any facts showing "deliberate" or "intentional" conduct by the VIHA Board.

For the foregoing reasons, Smith has failed to allege facts from which the Court can conclude that there is a plausible claim that the Board acted with "willful wrongdoing or gross negligence" so as to defeat immunity pursuant to 29 V.I.C. § 87(d). Therefore, all claims against the Board will be dismissed without prejudice under Rule 12(b)(6).[3]

### B.     VIHA's Motion to Dismiss

#### 1.   Counts I and II – Violation of Due Process

Count I of the Amended Complaint alleges a due process violation against VIHA under the Fifth and Fourteenth Amendments of the United States Constitution. The allegations underlying this claim concern VIHA's failure to follow its grievance procedures—namely, that Plaintiff should have received a written response to his appeal within five working days after the February

---

[3] The Board also asserts that it should be dismissed because the Board was disbanded in 2003 and has been defunct as an entity since that time. (Dkt. No. 65 at 6). However, there is nothing in the record that supports this assertion, and Virgin Islands statutes still provide that the VIHA is to be overseen by a Board of Commissioners. 29 V.I.C. § 32 (2022). As a result, this argument is insufficient to support dismissal of Smith's claims under Rule 12(b)(6).

22, 2007 hearing.[4] (Dkt. No. 60 at ¶¶ 17-19). Count II alleges a due process violation under the "Civil Rights Act," which the Court construes as a statutory due process claim under 42 U.S.C. § 1983. *Id.* at ¶¶ 20-22. Both claims, liberally construed, are based on procedural, rather than substantive due process. The Court will address VIHA's motion to dismiss Smith's due process claims together, as the allegations underlying the claims appear to be similar—that VIHA did not follow certain required procedures when terminating him.

Smith's Fifth Amendment due process claim against VIHA will be dismissed because the Fifth Amendment is inapplicable to state and territorial actors. Accordingly, Smith "cannot satisfy one of the essential elements of his Fifth Amendment due process claim[] and, therefore, has failed to state a claim upon which relief can be granted." *Martinez v. Francois*, No. CV 2013-00102, 2015 WL 1283371, at *7 (D.V.I. Mar. 17, 2015) (citing *Bergdoll v. City of New York*, 515 F. App'x 165, 170 (3d Cir. 2013) (affirming dismissal of claims brought under the Due Process Clause of the Fifth Amendment against state officials). *See also Baldeo v. City of Paterson*, Civ. No. 18-05359, 2020 WL 7778084, at *11 (D.N.J. Dec. 31, 2020) (dismissing Fifth Amendment claims against municipal government and its agents).

The Fourteenth Amendment of the Constitution forbids a state from depriving persons of life, liberty or property without due process of law. U.S. Const. amend. XIV, § 1. These rights apply to the Virgin Islands pursuant to the Revised Organic Act, 48 U.S.C. § 1561; *Simon v. Gov't of the Virgin Islands*, 929 F.3d 118, 131 (3d Cir. 2019) (habeas action); *Smith v. Virgin Islands Housing Authority*, Civil Action No. 2009-0011, 2016 WL 2637824, *4, n.6 (D.V.I. May 6, 2016).

---

[4] While the factual section of the Amended Complaint includes allegations regarding Smith's initial suspension, Count I asserts a due process violation associated with his termination. For purposes of this Opinion, the Court assumes that Smith's claims are based on both his suspension and termination.

To state a claim for a procedural due process violation under the Constitution, a plaintiff must allege: "(1) an asserted individual interest encompassed within the Fourteenth Amendment's protection of 'life liberty, or property,' and (2) that the procedures available denied him or her of 'due process of law.'" *Id*. (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). To state a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) a deprivation of a protectable liberty or property interest and (2) that the procedures available did not provide due process of law." *Arneault v. O'Toole*, 864 F. Supp. 2d 361, 395 (W.D. Pa. 2012) (citing *Pence v. Mayor & Tp. Comm. of Bernards Tp.*, 453 Fed. Appx. 164, 166-67 (3d Cir. 2011)).

In Count I, Smith alleges:

> "Defendants violated their own Personnel Rules and Regulations by terminating Plaintiff's employment in violation of the grievance procedures set forth in VIHA's policy and procedure manual and denied Plaintiff his due process rights and the opportunity to be heard pursuant to the Fifth and Fourteenth Amendment[s]."

(Dkt. No. 60, ¶ 18).

Count II—the cause of action under 42 U.S.C. § 1983—asserts that, *inter alia*, Defendants VIHA and VIHA Board "conspired to deprive plaintiff of ... due process with respect to his rights as an employee of Defendant VIHA," and that VIHA and the VIHA Board's "unlawful actions" impeded Smith's right to due process, "thereby preventing the due course of justice." *Id. at* ¶¶ 20-22.

In response, VIHA argues that Smith "was employed as an exempt employee in an exempt position and as such he served at the pleasure of the Board and could be terminated at the will of the Board within its sole and absolute discretion." (Dkt. No. 65 at 7). VIHA adds that, as a result, Smith did not have a property interest in his employment and therefore Count I must be dismissed for failure to state a claim. *Id.* at 7, 8.

Contrary to VIHA's contention, Smith's allegations are sufficient to satisfy the first prong of his due process claim—the existence of a property interest. First, in the Court's February 2011 Opinion granting Defendant Hood's first Motion to Dismiss, the Court held that Smith sufficiently alleged the existence of a "VIHA manual that sets forth the procedures for the filing of a grievance . . . concerning his suspension" and that "VIHA complied with his request for a hearing, showing its intent to be bound by that manual." (Dkt. No. 51 at 9). The Court also held that, under Virgin Islands law, "the existence of an employee handbook or manual, along with evidence that the employer intended to be bound by its terms, can establish an implied contract in the case of an at will employee." *Id.* The Court further found that "an implied contract existed between Smith and VIHA, and that the contract provided procedural protections in relation to his employment." *Id.* at 10. Finally, the Court concluded that "Smith has set forth facts sufficient to demonstrate a property interest in his employment with VIHA." *Id. Smith v. Virgin Islands Housing Authority*, Civil Action No. 2009-0011, 2011 WL 797373, at *5 (D.V.I. Feb. 28, 2011).

Smith's Amended Complaint contains the same assertions concerning the existence of the VIHA employee manual containing grievance procedures, and the same allegations pursuant to which the Court found that VIHA intended to be bound by its terms when it complied with his request for a hearing. (Dkt. No. 60 at ¶¶ 10, 12). These same facts in the Amended Complaint lead inexorably to the same conclusion reached in the Court's February 2011 Opinion: that Smith alleged facts sufficient to demonstrate that he had an implied contract with VIHA, and that he had a property interest in his employment. (Dkt. No. 51 at 9-10). *See Arizona v. California*, 460 U.S. 605, 618 (1983); *see also United States v. Rush*, 645 F. App'x 166, 168 (3d Cir. 2016) ("The law of the case doctrine directs courts to refrain from re-deciding issues that were solved earlier in the litigation.") (quoting *Pub. Int. Res. Group, of N.J. v. Magnesium Elektron, Inc*., 123 F.3d 111,116 (3d Cir. 1997)).

In addition, the Amended Complaint contains significant new allegations that further support the Court's conclusion that Smith has sufficiently pleaded that he had a property interest in his job. The Amended Complaint provides that Smith was employed by VIHA "in the *nonexempt* . . . position of Maintenance Manager . . . and as such he was a *regular government employee* with a property interest in his continued employment." (Dkt. No. 60 at ¶ 6) (emphasis added). Defendants ignore these new allegations and instead argue that Smith "was employed as an *exempt* employee in an *exempt* position [and] as such he served at the pleasure of the Board and could be terminated at the will of the Board within its sole and absolute discretion." (Dkt. No. 65 at 7) (emphasis added).[5] In any event, VIHA's mere assertions disputing the classification of Smith's position are insufficient to alter the conclusion that Smith—even if an at-will employee— has alleged a plausible claim that he had a property interest in his job.

In view of the foregoing, the Court finds that Smith has pleaded plausible due process claims in Counts I and II of the Amended Complaint.

### 2. Count II – Equal Protection Claim

In addition to the due process claim, Count II of the Amended Complaint alleges that VIHA "conspired to deprive plaintiff of equal protection … with respect to his rights as an employee of Defendant VIHA," and that VIHA's "unlawful actions" impeded Smith's rights to equal protection, "thereby preventing the due course of justice." *Id.* at ¶¶ 21, 22.

To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, "[p]roof of racially discriminatory intent or purpose is required," *Antonelli v. New Jersey*, 419 F.3d

---

[5] The important distinction between exempt and non-exempt government employees was recognized by the Third Circuit in *Isles v. de Jongh*, 638 F.3d 169, 173-74 (3d Cir. 2011) (employees in exempt positions may be terminated without cause while regular employees may be terminated only for cause). *See also* 3 V.I.C. § 530(a)(1) (agency head must furnish a regular employee with a written statement of the charges against that employee prior to the employee's dismissal, demotion or suspension).

267, 274 (3d Cir. 2005), or proof that the plaintiff qualifies as a "class of one" in that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). One method of proving discriminatory intent is by showing that a plaintiff "receiv[ed] different treatment from that received by other individuals similarly situated." *Johnson v. Fuentes*, 704 F. App'x 61, 65 (3d Cir. 2017) (quoting *Keenan v. City of Philadelphia*, 983 F.3d 459, 465 (3d Cir. 1992)).

In his Amended Complaint, Smith did not plead any facts in support of his equal protection claim—namely, factual allegations from which one could plausibly conclude, that VIHA treated him in a manner different than others. Rather, Smith alleges only that VIHA conspired to deprive plaintiff of equal protection and due process." *Id.* at ¶ 21. Accordingly, the Court will dismiss without prejudice Smith's § 1983 equal protection claim against VIHA for failure to state a claim. *Cf. Aultman v. Cmty. Educ. Centers Inc*., 606 F. App'x 665, 668 (3d Cir. 2015) (finding that, to bring a successful § 1983 equal protection claim, plaintiff was required "to plead, among other things, that he was treated differently from similarly situated persons. Because he did not do so, the District Court properly dismissed [plaintiff's] equal protection claim.").[6]

### 3.  Count III – Breach of Contract Claim

The Amended Complaint alleges that Defendants' conduct "constitute[s] a breach of Plaintiff's employment contract, both express and implied and a violation of the terms and conditions of plaintiff's property interest in his employment as set forth in Defendant VIHA's policies and procedures manual." (Dkt. No. 60 at ¶ 24).

---

[6] The Court notes that the deficiencies noted above also apply to the equal protection claim against the VIHA Board, if the Board fails to obtain dismissal based on its claim of immunity.

VIHA asserts that Smith does not: "articulate exactly 'the terms and conditions' of his employment"; "explain how those terms and conditions were violated"; or "describe any specific action by VIHA." (Dkt. No. 65 at 9). VIHA also argues that Plaintiff did not identify the provision of the personnel policy that the agency allegedly violated. *Id.* VIHA again contends that Smith failed to allege the existence of an implied contract, and that he was an at-will employee which undermines this cause of action, *id.* at 10-11—arguments that the Court has rejected, *supra.*

Smith responds only to VIHA's second argument, maintaining that his "career service classification vitiates Defendants' claim that Mr. Smith has failed to allege a breach of contract claim." (Dkt. No. 73 at 7). He adds that "where termination of employment infringes upon an employee's contractual right to continued employment, the employee is entitled to recover damages for lost wages," and that he has "adequately stated a claim for breach of contract with regards to his expectation of continued employment." *Id.*

A breach of contract claim under Virgin Islands law has four elements; an agreement or contract, a duty created by said agreement, breach of the duty, and resulting damages. *Phillip v. Marsh-Monsanto,* 66 V.I. 612, 620 (2017). Interpreting the allegations of the Amended Complaint in the light most favorable to Smith, the Court finds that Smith has sufficiently stated a breach of contract claim. First, by way of pleading facts related to the existence of an employee manual that provided grievance procedures and VIHA's compliance with his request for a hearing in accordance with such, Smith has shown that there was an implied contract between him and VIHA. (Dkt. No. 60 at ¶¶ 12, 13). Second, Smith alleges in the Amended Complaint that VIHA breached its duty under the agreement by failing to provide him with a written response to his appeal within five days of the February 22, 2007 hearing. *Id.* at ¶ 24. Finally, Smith identifies his purported damages resulting from VIHA's breach of duty. *Id.* at ¶ 25.  In the Amended Complaint, Plaintiff seeks recovery of damages, noting that as a result of VIHA's alleged actions he "has suffered, and

will continue to suffer in the future, loss of reputation, emotional damages, loss of wages, loss of future earnings capacity, mental anguish, pain and suffering, and loss of enjoyment of life." *Id.* Because Smith has alleged facts for each prong of a breach of contract claim, the Court finds Smith has stated a plausible claim for breach of contract.

### 4. Count IV—Punitive Damages

Defendants assert that VIHA, as a public agency, cannot be sued for punitive damages. (Dkt. No. 65 at 11-12). It also claims that an independent cause of action for punitive damages does not exist under Virgin Islands law, and therefore Count IV must be dismissed. *Id.* Smith has not opposed VIHA's argument seeking dismissal of this claim.

It is well settled that punitive damages do not constitute an independent cause of action. *See Speaks v. Gov't of the V.I.*, 2009 WL 167330, at *8 (D.V.I. Jan. 14, 2009) (opining those punitive damages "cannot form a cause of action upon which a plaintiff would be entitled to relief."); *Der Weer v. Hess Oil V.I. Corp.*, 2014 WL 1387371, at *1 n.1 (V.I. Super. Ct. Mar. 21, 2014) ("Although labeled as a 'claim' for punitive damages in the complaint, punitive damages is not a separate cause-of-action, but rather a demand for a certain type of damages.").

Even more significantly, however, this Court has held that "punitive damages are not available against an agency of the Virgin Islands Government." *William*s, 2007 WL 6027814, at *8 (citing *Chase v. VIPA*, 3 F. Supp. 2d 641 n.1 (D.V.I. 1998) (citing *Codrington v. VIPA*, 911 F. Supp. 907 (1996)). In *Williams*, the Court dismissed plaintiff's punitive damages cause of action against VIHA, noting that "[f]or public policy reasons, punitive damage awards assessed against government agencies are strongly disapproved because such awards would 'ultimately be borne by the citizens of the affected community.'" *Id.* (quoting *Powell v. V.I. Water & Power Auth.*, 20 V.I. 579, 581 (D.V.I. 1984) and citing *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1980) (holding that municipal corporations are immune from an award of punitive damages)); *see also*

*Concepcion v. VIHA*, 2005 WL 1940152, at *6, 47 V.I. 112, 121 (June 28, 2005) (concluding that "despite being an independent entity, VIHA, like Virgin Islands Port Authority and Water and Power Authority, is a government instrumentality serving the needs of the community and is not subject to punitive damages awards.").

The Court therefore concludes that Count IV must be dismissed for failure to state a claim. In fact, this Court has already dismissed this same punitive damage claim, which appeared in the original Complaint and in the Amended Complaint, three times: in granting HUD and Valenti's motion to dismiss (Dkt. No. 49); in granting Hood's first motion to dismiss (Dkt. No. 51); and in granting Hood's second motion to dismiss (Dkt. No. 97). Accordingly, the Court will dismiss Count IV with prejudice.

## IV.    CONCLUSION

For the reasons set forth above, the Court will grant in part and deny in part the Motion to Dismiss (Dkt. No. 65) filed by Defendants VIHA and VIHA Board. The Court will grant the Motion to Dismiss with prejudice as to the punitive damages claim in Count IV. The Court will grant Defendants' Motion to Dismiss against the VIHA Board to the extent it dismisses without prejudice the claims against the VIHA Board for failure to plead facts amounting to "willful wrongdoing or gross negligence" pursuant to 29 V.I.C. § 87(d). With regard to VIHA, the Court will grant the Motion to Dismiss to the extent that the Amended Complaint will be dismissed without prejudice as to the equal protection claim in Count II, and will deny the Motion to Dismiss as to the due process claims in Counts I and II, and the breach of contract claim in Count III of the Amended Complaint.

The Court will permit Smith an opportunity to file a Second Amended Complaint to address the facts amounting to "willful wrongdoing or gross negligence" pursuant to 29 V.I.C. § 87(d) and to address the deficiencies in the equal protection claim in Count II of the Amended

Complaint.  Plaintiff will have, up to and including May 1, 2023, within which to file a Second

Amended Complaint. The Second Amended Complaint must comply with LRCi 15.1.

An appropriate Order accompanies this Memorandum Opinion.

Date:   March 31, 2023                              _____/s/_____
                                                   WILMA A. LEWIS
                                                   District Judge